**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

WILLIAM VAUGHN,                          )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )        Case No. 4:21-CV-00503-JAR
                                         )
WILLIAM H. GATES, III, et al.,           )
                                         )
        Defendants.                      )

**MEMORANDUM AND ORDER**

This consolidated matter is before the Court on Defendants United States of America,

Joseph Biden, Kamala Harris, Donald Trump, Michael Pence, Nancy Pelosi, and John Roberts'

(collectively, the "Government Defendants") Motion to Dismiss. (Doc. 3) as well as various other

motions. For the reasons discussed below, the motion to dismiss will be granted in part and the

action will be dismissed in its entirety for lack of subject matter jurisdiction pursuant to Fed. R.

Civ. P. 12(b)(1) because Plaintiff's claims are entirely devoid of merit.

I.      **BACKGROUND**

On April 30, 2021, Plaintiff William Vaughn filed a two-count complaint in this Court.

(Doc. 1). Count I, titled "Trespass – Death by Vaccines," alleges a conspiracy led by Defendants

Bill Gates and the Gates Foundation to murder over one billion people through distribution of the

COVID-19 vaccine. Count II, titled "Trespass – Faked Pandemic," alleges that the COVID-19

pandemic is a fake simulation exercise orchestrated by the World Health Organization ("WHO")

and United Nations. Plaintiff seeks approximately $2 billion in damages. Plaintiff filed another

action in (and against) this district, *Vaughn v. United States District Court for the Eastern District*

*of Missouri et al.*, No. 4:21-CV-505 JMB (E.D. Mo. 2021), essentially alleging that employees of

the court refused to file the instant action. Plaintiff seeks approximately $960 million in damages in that case. Plaintiff appears to consider himself a sovereign citizen whose "authority is superior to all public civil officers." (Doc. 1 at ¶ 11; Doc. 1-1 at 10-11). *See Bey v. Missouri*, No. 4:18-CV-1515-JCH, 2018 WL 5831251, at *1 (E.D. Mo. Nov. 7, 2018) (citations omitted) ("The terminology and phrases plaintiff uses are the type often used by 'sovereign citizens' and others who believe they are exempt from the jurisdiction of the courts, and which have been summarily rejected as frivolous by federal courts around the nation.").

On June 30, 2021, Government Defendants filed a motion to consolidate the two actions along with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 3). This Court granted the motion to consolidate and ordered Plaintiff to respond to the motion to dismiss. (Doc. 8). Since then, Plaintiff has filed numerous documents claiming that he has superior authority to the Court (Doc. 31), purporting to overrule this Court's orders (Docs. 10, 28),[1] alleging "docket tampering" by employees of the Eastern District of Missouri (Docs. 18, 19), seeking a default judgment against Chief Justice John Roberts (Doc. 15), attempting to sue me for aiding and abetting Defendants and thereby committing treason (Doc. 14), and unsurprisingly demanding my recusal since I am supposedly a defendant in the action. (Doc. 23). Government Defendants, meanwhile, have filed multiple motions to strike Plaintiff's filings. (Docs. 9, 25, 29).

On September 10, 2021, the Court ordered Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction because "it appears to the Court that Plaintiff's claims are entirely frivolous and merit *sua sponte* dismissal." (Doc. 32 at 2). The Court also ordered Plaintiff to show cause why Defendants William H. Gates III, Melinda Gates, and the Bill & Melinda Gates Foundation (collectively, the "Gates Defendants") should not be dismissed

---

[1] To the extent any of Plaintiff's filings purporting to overrule this Court's decisions may be construed as motions for reconsideration, such motions are denied.

under Fed. R. Civ. P. 4(m) due to Plaintiff's failure to timely serve process. (*Id.* at 3). Consistent with his prior filings, Plaintiff responded to these show cause orders by arguing, among other things, that the federal rules of procedure are unconstitutional and he has superior authority to this Court. (Doc. 33). This Court construes Plaintiff's pro se filings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## II.   DISCUSSION

A.   Plaintiff's Motion for Recusal (Doc. 23)

Construed liberally, Plaintiff has filed a motion for recusal contending that because he purported to name me as a defendant in this action, I must recuse myself. The motion will be denied because it is frivolous. Pursuant to 28 U.S.C. § 455, a federal judge must recuse himself when "his impartiality might reasonably be questioned," "he has a personal bias or prejudice concerning a party," or is himself a party to the proceeding, among other reasons. Courts have repeatedly and understandably held, however, that litigants may not "judge-shop" by naming the presiding judge as a defendant and seeking recusal. *See Buttercase v. Frakes*, No. 8:18-CV-131, 2019 WL 2231133, at *1 (D. Neb. May 23, 2019) (collecting cases); *see also United States v. Beale*, 574 F.3d 512, 519 (8th Cir. 2009); *United States v. Taylor*, 569 F.2d 448, 450 (7th Cir. 1978). Plaintiff has offered nothing more than a baseless allegation that I aided and abetted the Defendants in furtherance of their supposed COVID-19 hoax by entering orders with which Plaintiff disagrees. Because an average person knowing all the relevant facts would not reasonably question my impartiality in these circumstances, Plaintiff's motion for recusal will be denied. *See Dossett v. First State Bank*, 399 F.3d 940, 952-53 (8th Cir. 2005) (internal quotations omitted) ("Adverse judicial rulings, however, almost never constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal.").

B.  Government Defendants' Motion to Dismiss (Doc. 3).

Government Defendants contend that the doctrine of sovereign immunity, which provides that courts may not entertain suits against the United States absent express consent to be sued, bars Plaintiff's claims. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). Federal courts "generally lack jurisdiction to hear claims against the United States because of sovereign immunity," *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006), and the "existence of consent [to be sued] is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Sovereign immunity extends to federal agencies and officials when sued in their official capacities. *See Hagemeier v. Block*, 806 F.2d 197, 202-03 (8th Cir. 1986). A waiver of sovereign immunity is strictly and narrowly construed in favor of the United States, and the plaintiff bears the burden of demonstrating the waiver. *See Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006) (citations omitted).

Plaintiff has not offered any substantive response to Government Defendants' motion to dismiss, and has certainly not identified an explicit waiver of sovereign immunity. Instead, Plaintiff repeatedly asserts that the "Common Law Rules" control over the federal rules of procedure and this Court (along with the entire Eastern District of Missouri) is incapable of hearing this case due to its alleged bias. (Doc. 27). Because Plaintiff has clearly failed to carry his burden of demonstrating that Government Defendants expressly waived their sovereign immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims for monetary damages against Government Defendants and the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) must be granted in part. *See Parker v. United States on behalf of I.R.S.*, No. 4:19-CV-3251 HEA, 2020 WL 1888814, at *2 (E.D. Mo. Apr. 16, 2020). The Court notes, however, that the doctrine of sovereign immunity does not necessarily bar Plaintiff's demands for injunctive relief. *See Ex parte Young*,

4

209 U.S. 123 (1908); *Armstrong v. Child Ctr., Inc.*, 575 U.S. 320, 327 (2015) (noting application of *Ex parte Young* to federal officials).

### C.   Sua Sponte Dismissal

"It is well-established that a federal district court has the inherent power to dismiss a complaint for lack of subject matter jurisdiction 'when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.'" *Urban v. Sells*, No. C14-4025-MWB, 2014 WL 1664883, at *4 (N.D. Iowa Apr. 25, 2014) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)); see also *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). A district court may raise issues of subject matter jurisdiction at any time pursuant to Fed. R. Civ. P. 12(h)(3). *Sua sponte* dismissal, however, is expressly disfavored because "the district court is cast in the role of a proponent for the defense, rather than an independent entity." *Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986); *see also Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Following the Eighth Circuit's guidance, this Court offered Plaintiff an opportunity to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 32 at 2). The Court specifically advised Plaintiff not to rely on his supposed sovereign citizen status in order to establish jurisdiction. In response, consistent with his other filings in this case, Plaintiff claimed that his "authority is superior to [Judge] Ross' authority" and "all of [Judge] Ross' previous orders are overruled." (Doc. 33 at 2).

Plaintiff's claims in this consolidated action are entirely frivolous. He contends, among other nonsensical allegations, that Bill Gates, the WHO, and the United States government have conspired to intentionally cause the COVID-19 pandemic and develop a vaccine designed to murder billions of people. (Doc. 1). He also claims in the consolidated case that employees of this Court refused to file this case, which evidently has been filed. *See Grant v. Central Intelligence*

5

*Agency*, No. 4:19-CV-2969-NAB, 2019 WL 6050830, at *2 (E.D. Mo. Nov. 15, 2019) ("Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible."). Plaintiff's filings resemble claims of sovereign citizenship, and he repeatedly purports to be above the authority of this Court and the entire United States government. (Doc. 33). *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (Sovereign citizenship theories "should be rejected summarily, however they are presented."); *see also United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (per curiam) (describing defendant's sovereign citizen argument as "frivolous").[2]

Ultimately, this Court lacks "power to entertain claims otherwise within [its] jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans*, 415 U.S. at 536-37 (citations and internal quotations omitted). Though mindful that pro se litigants are held to less stringent standards, Plaintiff's complaint merely presents "bizarre conspiracy theories" which are "clearly fantastic, delusional, and 'essentially fictitious.'" *Deyerberger v. Holder*, Civ. No. 10-0671 (JDB), 2010 WL 2131834, at *1 (D.D.C. May 26, 2010) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see also Thompson v. Cool Valley Police Dep't*, No. 4:19-CV-2309-JAR, 2019 WL 3858829, at *2 (E.D. Mo. Aug. 16, 2019). Because Plaintiff's claims are absolutely devoid of merit, the Court will dismiss the entire action *sua sponte* for lack of subject matter jurisdiction. *See Bates v. Jerabek*, No. 06-CV-11153, 2006 WL 891135, at *1 (E.D. Mich. Mar. 30, 2006) (noting court can dismiss frivolous claim *sua sponte* even if plaintiff has paid the filing fee).[3]

---

[2] Plaintiff identifies himself as "President, BEW Common Law Center" and frequently indicates that he has mailed his filings to the "Unified Missouri Common Law Grand Jury." (Doc. 33 at 4). The Court is not familiar with these organizations. Plaintiff attached an exhibit to his complaint titled "Definition of People (i.e., Sovereign Citizen)" (Doc. 1-1 at 2, 11) and repeatedly claims to be above the authority of this Court.

[3] The Court also notes that, in the alternative, the Gates Defendants should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) because Plaintiff has failed to timely serve process or show good cause for such failure.

Accordingly,

**IT IS HEREBY ORDERED** that Government Defendants' Motion to Dismiss (Doc. 3) is **GRANTED in part**. Plaintiff's claims for damages against Government Defendants are dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment Against Chief Justice John Roberts (Doc. 15) and Motion for Recusal (Doc. 23) are **DENIED**.

**IT IS FURTHER ORDERED** that Government Defendants' Motions to Strike (Docs. 9, 25, 29) are **DENIED as moot**.

**IT IS FINALLY ORDERED** that this entire action shall be **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of September, 2021.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

7