UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-00503-JAR |
| ) | |
| WILLIAM H. GATES, III, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This consolidated matter is before the Court on Plaintiff William Vaughn's Response to Judge John A. Ross' Orders (Doc. 40) and Order of Reinstatement. (Doc. 41). For the reasons discussed below, the Court will construe these filings as a Motion for Reconsideration, which will be denied.

**I.    BACKGROUND**

On April 30, 2021, Plaintiff William Vaughn filed a two-count complaint in this Court. (Doc. 1). Count I, titled "Trespass – Death by Vaccines," alleges a conspiracy led by Defendants Bill Gates and the Gates Foundation to murder over one billion people through distribution of the COVID-19 vaccine. Count II, titled "Trespass – Faked Pandemic," alleges that the COVID-19 pandemic is a fake simulation exercise orchestrated by the World Health Organization ("WHO") and United Nations. Plaintiff seeks approximately $2 billion in damages. This Court consolidated the case with a related action in (and against) this district, *Vaughn v. United States District Court for the Eastern District of Missouri et al.*, No. 4:21-CV-505 JMB (E.D. Mo. 2021).

On September 10, 2021, the Court ordered Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction because "it appears to the Court that

1

Plaintiff's claims are entirely frivolous and merit *sua sponte* dismissal." (Doc. 32 at 2). After receiving Plaintiff's response (Doc. 33), this Court dismissed the action *sua sponte* for lack of subject matter jurisdiction because Plaintiff's "filings resemble claims of sovereign citizenship" and are "entirely devoid of merit." (Doc. 34 at 5-6). Plaintiff has now filed a response to this Court's dismissal (Doc. 40) as well as an "Order of Reinstatement" (Doc. 41) purporting to reinstate the action.

## II.   DISCUSSION

This Court liberally construes Plaintiff's pro se filings as a motion pursuant to Fed. R. Civ. P. 59(e) to reconsider this Court's dismissal of the action for lack of subject matter jurisdiction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A district court has broad discretion in determining whether to grant a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or to present newly discovered evidence." *Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). Rule 59(e) grants a district court the power to "rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). A Rule 59(e) motion to alter or amend judgment must accordingly show (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *See Bannister v. Armontrout*, 807 F. Supp. 516, 556 (W.D. Mo. 1991).

Rather than meet any of these requirements for reconsideration under Rule 59(e), the most recent filings in this case confirm that this Court lacks jurisdiction because Plaintiff's claims are entirely nonsensical. Plaintiff cites conspiracy theories relating to the assassination of President

2

John F. Kennedy, birth certificate of President Barack Obama, and terrorist attacks on September 11, 2001 as support for his outlandish allegations regarding COVID-19. (Doc. 40 at 3). Plaintiff includes a section titled "Proof of Plaintiff's Sovereign Authority" and "embrace[s] the term 'sovereign citizen.'" (*Id.* at 7). *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (Sovereign citizenship theories "should be rejected summarily, however they are presented."); *see also United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (per curiam) (describing defendant's sovereign citizen argument as "frivolous"). Plaintiff also includes a section titled "Proof of Chemtrail Conspiracy" alleging that "planes crisscross all over America dispensing streams of a white substance that linger in the sky . . . [and] are being used to destroy the [People of the United States]." (Doc. 40 at 8). Plaintiff continues to believe that the Federal Rules of Procedure are unconstitutional, and this Court must proceed with the "Common Law Rules." (*Id.* at 12). Finally, Plaintiff unsurprisingly accuses me of being a "traitor to the Constitution, and therefore a domestic enemy of America." (*Id.* at 17).

This Court once again finds that Plaintiff merely presents "bizarre conspiracy theories" which are "clearly fantastic, delusional, and 'essentially fictitious.'" *Deyerberger v. Holder*, Civ. No. 10-0671 (JDB), 2010 WL 2131834, at *1 (D.D.C. May 26, 2010) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see also Thompson v. Cool Valley Police Dep't*, No. 4:19-CV-2309-JAR, 2019 WL 3858829, at *2 (E.D. Mo. Aug. 16, 2019). Plaintiff has certainly not identified a manifest error of law requiring this Court to amend its previous decision to dismiss the action for lack of subject matter jurisdiction. The motion for reconsideration will be denied because Plaintiff's outlandish conspiracy theories regarding COVID-19 (and other matters) do not establish subject matter jurisdiction in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff William Vaughn's Motion for Reconsideration (Docs. 40, 41) is **DENIED**.

Dated this 18th day of October, 2021.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE